******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RONNIE OVESEN
(AC 37630)

Beach, Sheldon and Harper, Js.*

*Submitted on briefs December 1, 2016—officially released April 11, 2017*

(Appeal from Superior Court, judicial district of Waterbury, Damiani, J. [judgment]; Fasano, J. [motion to correct])

*Stephan E. Seeger*, assigned counsel, filed a brief for the appellant (defendant).

*Maureen Platt*, state's attorney, *Catherine Brannelly Austin*, supervisory assistant state's attorney, and *Lisa A. Riggione*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

BEACH, J. The defendant, Ronnie Ovesen, appeals from the trial court's judgment granting his motion to correct an illegal sentence. The defendant had been convicted of one count of sexual assault in the first degree in violation of General Statutes (Rev. to 2008) § 53a-70 (a) (1)[1] and one count of strangulation in the second degree in violation of General Statutes § 53a-64bb. On appeal, the defendant argues that, upon granting his motion and resentencing him, the court imposed an illegal sentence. We reverse the judgment of the trial court and remand the case with direction to reinstate the defendant's original sentence.

In September, 2009, the defendant pleaded guilty pursuant to the *Alford* doctrine[2] to one count of sexual assault in the first degree and one count of strangulation in the second degree. The defendant was sentenced on the first count to twenty years incarceration, suspended after eleven and one-half years, with ten years probation, and on the second count to one year of incarceration to run concurrently, for a total effective sentence of twenty years incarceration, suspended after eleven and one-half years, with ten years probation. Approximately four years later, the defendant filed a motion to correct an illegal sentence, alleging that because his sentence included a period of probation, rather than a period of special parole, it violated our Supreme Court's holding in *State* v. *Victor O.*, 301 Conn. 163, 193–94, 20 A.3d 669 (*Victor O. I*), cert. denied, U.S. , 132 S. Ct. 583, 181 L. Ed. 2d 429 (2011), and was unlawful under § 53a-70. The state conceded before the trial court that the defendant's original sentence was illegal, and the court, *Fasano, J.*, vacated the defendant's original sentence and imposed a new total effective sentence of eleven and one-half years incarceration followed by eight and one-half years of special parole. The defendant appealed, claiming that the new sentence was illegal, as well.

At the time of the defendant's resentencing, both the parties and the court interpreted our Supreme Court's holding in *Victor O. I* to mean that a person convicted of sexual assault under § 53a-70 *must* be sentenced to a period of imprisonment and special parole. Our Supreme Court has since clarified that *Victor O. I* should not be interpreted in this manner. *State* v. *Victor O.*, 320 Conn. 239, 247, 128 A.3d 940 (2016) (*Victor O. II*) ("[t]o the extent that anything we may have said [in *Victor O. I*] can be construed as deciding the somewhat challenging question of statutory interpretation presented by the present appeal, it was not our intention to do so"); see id., 247–48 n.9. Instead, the court in *Victor O. I* "intended only to explain that probation was prohibited and that special parole was the only form of supervised release that could be imposed"; *Victor O. II*, supra, 248 n.9; in sentencing a defendant

convicted of a class A felony. Id., 246. *Victor O. II* held that § 53a-70 does not require a court to impose any period of special parole. Id., 242, 258. Because the defendant in the present case was convicted of a class B felony, there is no such restriction on the imposition of probation. Accordingly, the original sentence of twenty years incarceration, suspended after eleven and one-half years, with ten years of probation to follow, did not violate § 53a-70, and the sentence therefore was not illegal.[3]

The judgment is reversed and the case is remanded with direction to vacate the defendant's second sentence and to reinstate his original sentence.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 53a-70 was amended by No. 15-211, § 16, of the 2015 Public Acts. The events underlying the defendant's conviction occurred in 2008. Accordingly, unless otherwise indicated, all references to § 53a-70 in this opinion are to the 2008 revision of the statute.

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] Although this construction does not appear to have been advanced in the trial court, we understand that the parties and the court relied on a reasonable, but ultimately mistaken, interpretation of *Victor O. I*. In its brief, the state advanced the argument, which we now adopt, and the defendant had the opportunity to respond. Although the error was not preserved, we nonetheless reach the issue pursuant to our supervisory authority because, in light of our Supreme Court's decision in *Victor O. II*, there functionally has been an intervening change in the law. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123,159, 84 A.3d 840 (2014).